IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MIGUEL ANTONIO PINEIRO, JR.<br><br>Defendant. | No. 3:21-mj-00089-MMS |



## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Dale Boothroyd, having been first duly sworn, do hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a criminal complaint and arrest warrant pursuant to Federal Rules of Criminal Procedure 3 and 4. As explained more fully below, I have probable cause to believe that MIGUEL ANTONIO PINEIRO has committed the following federal criminal offenses:

> Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A): On or about February 18, 2021, MIGUEL ANTONIO PINEIRO JR knowingly and intentionally possessed a controlled substance with intent to distribute, to wit: 50 grams or more of pure methamphetamine.

2. The statements in this affidavit are based in part on information provided to me by other law enforcement officers, police reports, my own investigation of this matter, and my training and experience. Since this affidavit is being submitted for the limited purpose of establishing probable cause to support a complaint and securing an arrest warrant, I have not included each and every fact known to me concerning this investigation.

3. The statements in this affidavit are based in part on information provided to me by other law enforcement officers, police reports, my own investigation of this matter, and my training and experience. Since this affidavit is being submitted for the limited purpose of establishing probable cause to support a complaint and securing an arrest warrant, I have not included each and every fact known to me concerning this investigation.

4. I have been employed as a Task Force Officer with the Drug Enforcement Administration since October of 2018. Prior to my assignment with the Drug Enforcement Administration, I was assigned to the Statewide Drug Enforcement Unit with the Alaska State Troopers from April 2018 to September 2018. Prior to my assignment with AST, I was assigned to uniformed patrol with the Anchorage International Airport Police/Fire Department for six years. Thus, in total I have approximately 9 years of law enforcement experience.

5. During the course of my law enforcement career, I have written and/or executed numerous search and seizure warrants for narcotics, dangerous drugs, and related records, and assisted in the seizure of hundreds of thousands of dollars in proceeds and/or assets derived from such illegal activity.

6. During the course of my employment as a Law Enforcement Officer, I have gained experience in conducting drug investigations and have received the benefit of many years of such experience of fellow agents, investigators and officers.

7. During the course of my employment with these three agencies, I have worked in an undercover capacity and conducted investigations of controlled substances violations in



conjunction with agents, investigators and officers from other jurisdictions. I have also worked with and conducted investigations utilizing confidential sources. I have also conducted or assisted in investigations which have led to the arrest and conviction of persons for violations dealing with the sale, possession and/or manufacture of controlled substances, and the seizure and forfeiture of assets. As part of these investigations, I have able to interview arrested subjects and their associates. Through these interviews, your Affiant has learned how and why these offenders conduct various aspects of their drug trafficking activities, to include communicating, manufacturing, packaging, distribution, transportation and concealment of controlled substances and assets and money laundering.

8.  I attended the Alaska Law Enforcement Training Academy #12-02 and received 947 hours of training. I obtained my Intermediate Police Certificate from the Alaska Police Standards Council. I have attended a 40 hour "Jetway" training course presented by the Drug Enforcement Administration and El Paso Intelligence Center. I have attended a 40 hour Task Force Officer School administered by the Drug Enforcement Administration in Quantico, VA. I have attended a 40 hour "Undercover Survival and Tactics" course presented by the Midwest Counterdrug Training Center. I have also attended a 7 hour course on Drugs in Alaska at the State Crime Laboratory. I have obtained an A.A.S degree from Finger Lakes Community College, graduating in 2009 with a major in Conservation Law Enforcement.



## FACTS ESTABLISHING PROBABLE CAUSE

9. Miguel PINEIRO Jr. resides at the TARGET PREMISES PINEIRO is a suspected narcotics trafficker. On February 18th, 2021, at approximately 11:45 a.m., agents established surveillances at the TARGET PREMISES.

10. Agents observed PINEIRO's Blue Ford Mustang bearing AK plate JDJ954 parked at the residence. Agents have previously observed PINEIRO coming to and from the residence and operating vehicle JDJ954 on numerous surveillance operations.

11. At approximately 3:24 p.m., agents observed PINEIRO exit the TARGET PREMISES and entered a vehicle with license plate LCN360. Agents maintained surveillance on PINEIRO as he ultimately traveled northbound on the Glenn Highway. Alaska State Troopers and an Anchorage Airport Police K-9 Officer conducted a traffic stop on PINEIRO's vehicle at approximately 4:16 p.m. PINEIRO, his girlfriend, and their minor daughter were present in the vehicle. While PINEIRO's vehicle was stopped, Airport Police Officer C. Scott and K-9 "Skye" conducted a sniff of the vehicle. Officer Scott advised that "Skye" indicated to the presence of odor of controlled substance emitting from the vehicle.

12. During the stop, agents learned that the vehicle had been rented by PINEIRO's girlfriend. She consented to a search of the vehicle. During the search, agents recovered approximately 476.9 grams of suspected methamphetamine and 33 fentanyl M/30 pills. PINEIRO admitted to putting the methamphetamine inside his daughters backpack when he saw the vehicle was being stopped.

R20210221

13. Based upon by training and experience, 476.9 grams of methamphetamine would have a street value of at least $18,000. This quantity is consistent with possession for further distribution, and inconsistent with possession for personal use.

14. I applied for and obtained federal search warrant 3:21-mj-00086-MMS for the premises of the Eastgate Place residence. Law enforcement maintained surveillance on that address in order to ensure that evidence was not compromised before the warrant could be obtained and executed.

15. Execution of the search warrant on the target premises revealed approximately 286 grams of suspected cocaine, which was a white powdery substance, from my training and experience is consistent with cocaine, 498.1 grams of methamphetamine which was a white crystalline substance from my training and experience is consistent with methamphetamine, (3) handguns, (1) stolen AR-15 rifle, a suspected short barrel shotgun, body armor and numerous firearms magazines. The drugs seized were sent to the DEA laboratory for analysis.

## CONCLUSION

16. I have probable cause to believe that PINEIRO has committed the offenses described in the complaint. Accordingly, I ask the court to issue a warrant for PINEIRO's arrest in accordance with Federal Rule of Criminal Procedure 4(a).

RESPECTFULLY SUBMITTED,



_____
Dale Boothroyd
Task Force Officer,
Drug Enforcement Administration

**Signed digitally and sworn telephonically this date:**
Feb 21, 2021

_____
The Hon. Matthew Scoble
Chief U.S. Magistrate Judge

U.S. v. Pineiro
3:21-mj-00089-MMS